**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD FERRY,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>KEVIN DOOHAN, Washington County Community Corrections (WCCC) Post-Prison Supervision Officer; JOE SIMICH, WCCC, Assistant Director; STEVE BERGER, WCCC, Director; MICHAEL WU, Chair, Oregon Board of Parole and Post-Prison Supervision (BPPPS); BROOKE VICE, WCCO PPO; NELLIE MCDONALD, WCCO PPO; JOY LEWIS, WCCO PPO; DOES, John and Jane, 1-20,<br><br>　　　　Defendants-Appellees. | No.　21-35959<br><br>D.C. No. 3:18-cv-00153-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted May 11, 2023[**]

Before:　FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　*See* Fed. R. App. P. 34(a)(2).

Richard Ferry appeals pro se from the district court's summary judgment in favor of defendants in Ferry's action alleging violations of his civil rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Ochoa v. Public Consulting Group, Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022). We affirm.

The district court properly dismissed Ferry's First and Fourteenth Amendment claims arising from the Oregon Parole Board's requirement that Ferry take periodic polygraph examinations, because Ferry failed to allege that he had been forced to incriminate himself in a subsequent criminal proceeding. *Chavez v. Robinson*, 12 F.4th 978, 982 (9th Cir. 2021), *citing Chavez v. Martin*, 538 U.S. 760, 770 (2003) (plurality opinion) (probationer could not bring a civil action against the government under § 1983 for a violation of his Fifth Amendment right against self-incrimination because he did not make a statement that was used in a criminal proceeding).

The district court properly granted summary judgment on Ferry's First Amendment retaliation claims, because Ferry failed to establish that the defendants ordered Ferry to resume treatment only after Ferry filed this lawsuit. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of retaliation claims); *Allen v. Iranon*, 283 F.3d 1070, 1077 (9th Cir. 2002) (proximity in time can be circumstantial evidence of retaliatory motive). The record does not support Ferry's arguments that he and the defendants had an agreement to pause treatment,

or that he had been discharged from treatment before he filed this lawsuit.

The district court did not abuse its discretion when it struck Ferry's proposed second amended complaint, because Ferry had failed to obtain before filing either the court's leave, or his opponents' written consent. *See* Fed. R. Civ. P. 15(a)(2).

AFFIRMED.